UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BONNIE CROZIER,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
WATER RESOURCES,

Defendant.

No. 2:19-cv-00782-KJM-CKD PS

ORDER

Plaintiff Bonnie Crozier, who proceeds in this action without counsel, requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff also requests that the court appoint her counsel for this matter. (ECF No. 3.)

A.   In Forma Pauperis

Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Here, plaintiff alleges that she was discriminated and retaliated against, and ultimately terminated from her employment at the California Department of Water Resources, based on her disability in violation of Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq. (See generally ECF No. 1.)

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant. The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the complaint on defendant.

B.  Appointment of Counsel

Plaintiff also requests that the court appoint her an attorney. (ECF No. 3.) As plaintiff brings claims pursuant to the ADA, it appears that she is requesting appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B).

Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the court must consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d 266, 269 (9th Cir. 1982).

Because plaintiff is proceeding in forma pauperis, the first factor, which relates to her financial condition, is a fortiori resolved in her favor. Similarly, as to the third factor, the court cannot conclude that plaintiff's complaint is frivolous at this juncture and has ordered service. However, as to the second factor, plaintiff makes no showing regarding her efforts to secure

2

counsel. Rather, plaintiff simply requests the court appoint her counsel based on her understanding that if she "could not afford or was unable to retain an attorney to represent [her] that the courts at their discretion may assist [her] in obtaining an attorney." (ECF No. 3.) Therefore, appointment of counsel is not warranted in this matter, at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's request for the appointment of counsel (ECF No. 3) is DENIED WITHOUT PREJUDICE subject to refiling with adequate justification.

3. Service of the complaint is appropriate for defendant California Department of Water Resources.

4. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

5. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

6. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served.

7. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

8. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff,

without prepayment of costs.

9. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

10. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

11. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated: May 23, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/crozier.19cv782.grant IFP

4