|     |     |     |
| --- | --- | --- |
| BONNIE CROZIER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>WATER RESOURCES,<br><br>　　　　　Defendant. | | No. 2:19-cv-00782-KJM-CKD<br><br>ORDER AND<br><u>FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF No. 9) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　　Before the court is defendant's motion to dismiss for lack of jurisdiction and failure to state a claim. (ECF No. 9.) Defendant asserts it is protected from plaintiff's suit by sovereign immunity and because plaintiff failed to file her complaint within the applicable limitations period. For the reasons stated below this court recommends dismissing plaintiff's complaint.

<u>BACKGROUND</u>

　　　　Plaintiff brings the present action pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12111, et seq (the ADA). Her complaint alleges that she was involved in two car accidents, in August 2008 and February 2015, which resulted in neck, shoulder, and knee injuries. (ECF No. 1 at 8-9.) After the second accident plaintiff's doctor placed her on driving restrictions, preventing her from driving to work, which defendant did not accommodate. (<u>Id.</u> at 9.) In August 2015 plaintiff's doctor put her "off work again for stress"; plaintiff returned to work in

1

February 2016. (Id.) In March 2016 plaintiff had surgery on her eye and was preparing for possible shoulder surgery. (Id. at 10.) In May 2016 plaintiff was informed that defendant could no longer accommodate plaintiff's appointments, and she was placed on state disability insurance benefits. (Id.) In September 2017 defendant invoked the "AWOL Statute," which treats absence without leave for five consecutive working days as an automatic resignation from state service as of the last date the employee works. (Id.); see Cal. Gov't Code § 19996.2. Plaintiff claims defendant failed to accommodate her disabilities and defendant retaliated against her as a result of her disabilities. (Id. at 11.)

LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1109 (E.D. Cal. 2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain statement" of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss for failure to state a claim, the court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559 F.3d at 1071. The court must construe a pro se pleading liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in her complaint and give plaintiff an opportunity

to cure them if it appears at all possible that the plaintiff can correct the defect. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); accord Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990) (stating that "pro se pleadings are liberally construed, particularly where civil rights claims are involved"); see also Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (stating that courts continue to construe pro se filings liberally even when evaluating them under the standard announced in Iqbal).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir.1987), and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981).

DISCUSSION

    A.    Motion to Dismiss

Plaintiff's sole allegation is that defendant violated Title I of the ADA. (ECF No. 1 at 4.) Defendant moves to dismiss on the grounds that, as a state entity, it is immune from suit due to sovereign immunity, and additionally that plaintiff's claim is barred by the applicable statute of limitations. (ECF No. 9-1 at 3, 4.) The court agrees that plaintiff's claim is time-barred and therefore recommends dismissal.[1]

Defendant asserts that plaintiff's claim is time-barred pursuant to 42 U.S.C. § 2000e–5(e)(1). Generally, plaintiffs must file an administrative charge with the EEOC within 180 days of the last act of discrimination. See 42 U.S.C. § 2000e–5(e)(1). However, the limitations period is extended to 300 days if the plaintiff first institutes "proceedings with a State or local agency with authority to grant or seek relief from such practice." Id. Failure to meet these filing requirements bars subsequent action in federal court. See Torczyner v. Lockheed Missiles &

---

[1] Because defendant's statute of limitations argument disposes of plaintiff's entire complaint, the court does not address defendant's argument regarding sovereign immunity.

Space Co., 103 F.3d 141 (9th Cir. 1996).

Here, the last possible date of discrimination was September 27, 2017,[2] the date plaintiff alleges she was fired under the AWOL statute, making plaintiff's deadline to file an administrative charge with the EEOC March 26, 2018 or July 24, 2018, depending on whether the 180 or 300-day term applied. Based on defendant's exhibit, plaintiff did not file her charge of discrimination until October 19, 2018. Plaintiff does not contest the authenticity of this exhibit or the correctness of this date. Therefore, even assuming the 300-day term applied, plaintiff did not file her charge by the deadline, precluding action in this court.

B.    Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that a court should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Five factors are frequently used to assess whether leave to amend should be granted: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether plaintiff has previously amended his or her complaint. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). However, futility alone can justify the denial of a motion to amend. Id.

While plaintiff has only filed one complaint, any amended complaint would suffer from the same statute-of-limitations defect mentioned above, making amendment futile. Based on defendant's motion, and plaintiff's statements at the hearing on the motion, it is apparent that plaintiff would not be able to provide sufficient factual allegations to survive another motion to dismiss. Therefore, the undersigned finds that further leave to amend would be futile.

CONCLUSION

For the reasons discussed above, IT IS HEREBY RECOMMENDED that:

1.    Defendant's motion to dismiss (ECF No. 9) be GRANTED.

2.    The action be DISMISSED without leave to amend.

3.    The Clerk of Court be directed to close this case.

////

---

[2] Documents filed by plaintiff state that she resigned on September 8, 2017, not September 27, 2017. However, the discrepancy between these dates does not change the court's analysis.

4

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations and any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions and other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 18, 2019

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

16.croz.782